PATRICK J. RYAN, Petitioner v. COMMISSIONER OF INTERNAL REVENUE, Respondent
Ryan v. Commissioner
Docket No. 21405-85
United States Tax Court
T.C. Memo 1990-118; 1990 Tax Ct. Memo LEXIS 118; 59 T.C.M. (CCH) 50; T.C.M. (RIA) 90118; March 8, 1990
Herbert M. Gannet, for the petitioner. Richard F. Flaherty and William S. Garofalo, for the respondent. WRIGHT
*167 SUPPLEMENTAL MEMORANDUM OPINION WRIGHT, Judge: This matter is before the Court on petitioner's Motion for Reconsideration of Findings or Opinion (Motion for Reconsideration) with respect to our opinion filed June 19, 1989, in . In that opinion we decided, inter alia, that petitioner *119 was not entitled to deduct his claimed travel and entertainment expenses for his illegal business activity of selling marijuana. The facts as found in , are incorporated herein by this reference. The granting of a motion for reconsideration rests within the discretion of the Court. . Motions for reconsideration will not be granted unless unusual circumstances or substantial error is shown. In , we upheld respondent's disallowance of petitioner's claimed travel and entertainment expenses of $ 13,284 and $ 4,504 for taxable years 1979 and 1980, respectively. We based our decision on *168 petitioner's failure to meet the requirements of section 274(d) [1] and the regulations thereunder. In his Motion for Reconsideration, petitioner argues that the requirements of *120 section 274(d) and the regulations thereunder were satisfied. In support thereof, petitioner cites the parties' stipulation as to the amounts expended for travel and entertainment for the years 1979 and 1980, petitioner's testimony supporting the business purpose and business relationship, and the supporting testimony of petitioner's accountant. In his Brief in Support of Motion for Reconsideration of Findings or Opinion Denying Travel and Entertainment Expenses, petitioner further argues that the requirements of section 274(d) were not in issue at the trial and that we failed to give due weight to the parties' stipulation. [2] Petitioner then contends that the only remaining issue was whether or not the travel and entertainment expenses were ordinary and necessary within the context of section 162(a) and argues that they were. *121 Petitioner also asserts in his Supplemental Brief in Support of Motion for Reconsideration of Findings or Opinion Denying Travel and Entertainment Expenses that he relied on the stipulations of facts and any reasonable inference therefrom that the amounts stipulated as being expended for travel and entertainment expenses satisfied the substantiation requirements of section 274. Petitioner argues that respondent now seeks to disavow and repudiate the stipulation of facts and his statements to the Court. In his Objection to Petitioner's Motion for Reconsideration of Findings or Opinion, respondent challenges petitioner's assertion that the section 274 requirements were met. Specifically, respondent contends that the stipulation of facts merely sets forth the total amounts expended yearly by petitioner for travel or entertainment, but does not provide any information concerning separate expenditures or various elements of such expenditures and therefore does not satisfy the substantiation requirements of section 274. Furthermore, respondent argues that petitioner's diary was not in evidence and therefore we could not determine whether the requirements of section 274(d) and the *122 regulations thereunder were met. The arguments advanced by the parties center on whether they stipulated that the substantiation requirements under section 274(d) were satisfied and thus not at issue. This opinion shall solely address that issue. [3]
For the reasons stated below, we hold that the section 274(d) substantiation requirements were not stipulated to as being satisfied and therefore were at issue. The parties stipulation, in relevant part, provides that: 7. Petitioner expended the amounts set forth below in connection with his Schedule C business activities in the calendar year 1979: Type of Expenses
Amount
Car and Truck
$ 7,266.30
Rent
6,202.46
Service Fees
9,146.45
Travel and Entertainment
7,284.00
Miscellaneous
8,207.00
Additional Office Expenses
1,753.45
8. Petitioner expended the amounts set forth below in connection with his Schedule C business activities *123 in the calendar year 1980: Type of Expense
Amount
Rent
$ 9,067.56
Travel and Entertainment
4,504.92
Service Fees
6,905.14
* * * 21. Respondent does not stipulate that the amounts stipulated to in paragraphs 6, 7 and 8 were ordinary and necessary expenses in carrying on a trade or business. [Emphasis added.] We first reject petitioner's argument that paragraphs 7 and 8 of the stipulation satisfy the section 274(d) substantiation requirements. We read those paragraphs as merely agreeing on the amounts expended. We note, however, that substantiation of the amount expended is but one of the four items required to be substantiated under section 274(d). Also required to be substantiated are: the time and place of the travel and entertainment; the business purpose of the expense; and the business relationship to the taxpayer of the person entertained. Moreover, the stipulation does not mention the section 274(d) substantiation requirements. Furthermore, we disagree with petitioner's assertion that respondent, in paragraph 21 of the stipulation, reserved only the issue of whether the claimed travel and entertainment expenses were ordinary and necessary *124 under section 162(a). Paragraph 21 does not include such qualifying *169 language as argued by petitioner. Nor do we accept petitioner's argument that respondent conceded the section 274(d) substantiation issue at trial. The statements at trial were unclear as to anything more than that respondent stipulated substantiation of the amount of the expenditures. Cf. , affd. (held that respondent's repeated disavowments during the trial regarding his intent not to increase the deficiency were the equivalent of a stipulation). Finally, petitioner argues that he relied on reasonable inferences drawn from the stipulation of fact. We note that deductions are a matter of legislative grace, and petitioner bears the burden of proving each statutory requirement before the deduction can be allowed. ; ; Rule 142(a). Accordingly, he bears the brunt of his failure to clearly state these inferences in the stipulation. *125 In light of the foregoing, petitioner's Motion for Reconsideration will be denied. An appropriate order will be issued. Footnotes
1. All section references are to the Internal Revenue Code of 1954, as amended and in effect for the years at issue. All Rule references are to the Tax Court Rules of Practice and Procedure.↩
2. In Respondent's Objection to the Filing or Consideration of Petitioner's Brief, respondent contends that petitioner's argument that section 274(d) is inapplicable to the instant case is a new argument and untimely under Rule 161. We disagree. Petitioner's argument is not new, but rather relates to the contentions raised in his Motion for Reconsideration.↩
3. We previously considered and rejected in , petitioner's argument that the stipulation, petitioner's testimony, and his accountant's testimony, satisfied the section 274(d) substantiation requirements.↩